# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Nationwide Mutual Ins. Co.

v.

R. Cross, Inc., et al.

May 9, 1991

Case No. (Law) 15288-WS

BY JUDGE J. WARREN STEPHENS

The court having reviewed the pleadings, the stipulation, the evidence adduced, and the memoranda and argument of counsel renders this opinion.

The court finds and concludes that on or about June 12, 1989, defendant Michael A. Dutton was operating his personal vehicle insured for collision and liability by plaintiff Nationwide Mutual Insurance Company when said vehicle was damaged in a collision. Nationwide referred Dutton to One Stop Auto, an automobile repair facility, to effect repairs to said vehicle, the costs thereof to be paid by Nationwide (less the deductible). Dutton's car was delivered to One Stop on or about June 19, 1989. The defendant R. Cross, Inc., trading as ACE Rent-A-Car (ACE) is in the business of leasing automobiles and is qualified by Virginia as a self-insurer for automobile liability purposes. Dutton leased from ACE pursuant to a written agreement and for valuable consideration a Toyota automobile on June 21, 1989, for the period June 21, 1989, to June 28, 1989, at the daily rental of $19.00 to be used by Dutton while his vehicle was being repaired. The evidence discloses no corporate or other business ownership or identity existing between One Stop and ACE. On June 21, 1989, Dutton, while operating the leased Toyota, was involved in a collision with a vehicle operated by defendant Wilbert A. Alston. Alston and another have filed actions against Dutton seeking judgments for bodily injuries allegedly caused by Dutton's negligence in the operation of the Toyota at the time of the collision.

The issue is whether, under the aforesaid facts, the contract between defendant Dutton and ACE shifts ACE's burden of coverage on the leased vehicle to Dutton's carrier, Nationwide, while Dutton's vehicle is being repaired by One Stop. Resolution of that issue depends upon interpretation of Va. Code § 38.2-2205(A)(1), providing:

*Liability insurance on motor vehicles; standard provisions; applicability of other valid and collectible insurance.* -- A. 1. Each policy or contract of bodily injury or property damage liability insurance which provides insurance to a named insured in connection with the business of selling, leasing, repairing, servicing, storing or parking motor vehicles, against liability arising from the ownership, maintenance, or use of any motor vehicle incident thereto shall contain a provision that the insurance coverage applicable to those motor vehicles shall not be applicable to a person other than the named insured and his employees in the course of their employment if there is any other valid and collectible insurance applicable to the same loss covering the other person under a policy with limits at least equal to the financial responsibility requirements specified in § 46.2-472. Such provision shall apply to motor vehicles which are either for the purpose of demonstrating to the other person as a prospective purchaser, or which are loaned or leased to the other person as a convenience during the repairing or servicing of a motor vehicle for the other person, or leased to the other person for a period of six months or more.

The Supreme Court of Virginia has not had occasion to construe said section since its amendment in 1985.

Nationwide relies on a letter opinion of The Honorable Walter J. Ford, Judge, Circuit Court of the City of Hampton, dated May 4, 1990, in an action styled *Erie Ins. Group et al. v. Langley Auto Rental, Inc., et al.*, Law No. 24719.

ACE relies on its interpretation that the 1985 amendment to Code § 38.2-2205(A)(1) deleting the language "by such business" removed the requirement that the lessor and the repairer be the same and posits that said section is applicable since ACE leased the vehicle "to the other person as a convenience during repairing or servicing of a motor vehicle for the other person ...." *i.e.*, Dutton, as provided in the last sentence thereof.

The section relied upon by ACE is plain and unambiguous. To have attained the result suggested by ACE, the General Assembly would also be required to delete the words "as a convenience." The court is of the opinion that said section has no applicability to the facts in the case at bar, (1) there being no identity of ownership between lessor ACE and repairer One Stop, and (2) there being no evidence that the vehicle was leased to Dutton "*as a convenience* during the repairing" of Dutton's vehicle. (Emphasis supplied.) In fact, the court concludes that the automobile lease agreement was an arm's length, ordinary business transaction between ACE and Dutton and not a lending or leasing "as a convenience."

Accordingly, the court finds and concludes that ACE's self-insured coverage is primary, and that afforded Dutton by Nationwide is excess.